Brenda BROTHERTON *v.* Charles L. DANIELS, Director of Labor and CHILDREN'S COLONY

CA 79-354                                    595 S.W. 2d 701

Court of Appeals of Arkansas
Opinion delivered March 5, 1980
Released for publication March 26, 1980

Appellant, *pro se.*

*Herrn Northcutt,* for appellees.

DAVID NEWBERN, Judge. Ark. Stat. Ann. § 81-1106 (a) (Supp. 1979), provides that when an employee voluntarily leaves a job to accompany his spouse to a new place of residence he is not disqualified from receiving unemployment compensation "if he has clearly shown, upon arrival at the new place of residence, an immediate entry into the new labor market and is, in all respects, available for suitable work."

The claimant in this case registered with the agency soon enough after arriving at her destination, and seems to have made reasonable efforts to find a job. She was denied compensation because she allegedly said, upon applying for benefits, that she was not going to be able to work until after she found a baby sitter.

The claimant testified she tried to make it clear that arranging for a sitter would be no problem, but the agency employee compiling the worksheet would not write it down that way.

All we have by way of evidence to support the board's determination is the record of the referee reading from the worksheet compiled by the agency. The worksheet is not included in the record.

It simply is not supportive of the board's decision to say the claimant needed a sitter and had not arranged for one. There is no evidence whatever that she had been offered any job. To say she was not available for work because she had not arranged for a sitter so she could work at a job she did not yet have seems somewhat far-fetched.

The claimant testified she had looked for work at a number of places and her husband was presently unemployed and able and available to care for her children.

Reversed and remanded.